Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6441 | **DATE** | October 2, 2001 |
| **CASE TITLE** | Hernandez v. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Sheriff of Cook County's motion to dismiss Count II of the Second Amended Complaint [66-1] is denied. See attached for details. ENTER MEMORANDUM OPINION.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 0 4 2001 | |
| | Notified counsel by telephone. | | date docketed | 89 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | 01 OCT -4 PM 4:12 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | October 2, 2001 | |
| kam | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

99-6441.012-MEV                                    October 2, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EMILIANO HERNANDEZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99 C 6441 |
| ) | |
| CITY OF CHICAGO, a municipal ) | |
| corporation, CHICAGO POLICE ) | |
| OFFICERS JEFFREY CARTER, ) | |
| ANTHONY PONTRELLI, CHARLES ) | |
| RUZEVICH and THOMAS BEAZLEY, ) | **DOCKETED** |
| and unknown officers and ) | |
| agents; VILLAGE OF STICKNEY, a ) | OCT 4 2001 |
| municipal corporation, VILLAGE ) | |
| OF STICKNEY POLICE OFFICERS ) | |
| JEFF WALLICK, and unknown ) | |
| officers and agents; MICHAEL ) | |
| SHEAHAN, Cook County Sheriff, ) | |
| and unknown officers and ) | |
| agents, in their individual ) | |
| and official capacities, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the court is defendant Michael Sheahan's motion to dismiss Count II of the plaintiff's second amended complaint.[1] For the reasons stated below, the motion is denied.

## BACKGROUND

The facts underlying this case were described in our earlier

---

[1] Defendant Sheahan also moved to strike those portions of Counts I and IV which allege § 1985(3) claims and claims asserted against the him in his individual capacity. This motion was withdrawn in the defendant's reply brief.

memorandum opinion:

On June 9, 1999, at around 6:00 PM, plaintiff, Emiliano Hernandez, was stopped by City of Chicago police officers Jeffrey Carter and Anthony Pontrelli for an alleged stop sign violation. Plaintiff was then arrested for two traffic violations: driving with a suspended license and failure to provide proof of automobile insurance. He was taken into custody and processed for these tickets under his true name and address: Emiliano Hernandez; 4847 S. Wood Street, Chicago, Illinois.

In addition to the traffic violations, Carter and Pontrelli placed a "hold" on the plaintiff because of an outstanding arrest warrant from February 3, 1995 for one "Enrique Hernandez." Enrique Hernandez had violated his bond conditions after being arrested for driving under the influence and leaving the scene of an accident by two Village of Stickney Officers, L. Cones and Jeff Wallick.

The arrest warrant was for "Enrique Hernandez, 2652 S. St. Louis, Chicago, IL, Male, 175 lbs., 5'3", Black Hair, DOB 7/12/53." In addition to having the same last name, plaintiff has the same birthday as Enrique Hernandez. He is 5'5", weighs 150 lbs., and has brown hair.

Plaintiff alleges that he immediately informed unknown Chicago police officers that he was not Enrique Hernandez. He told them that he had recently been stopped for other motor vehicle violations and on those occasions had not been held on the Enrique Hernandez warrant. Plaintiff explained that his family lived nearby and could provide documentation showing that he was not Enrique Hernandez. At around 8:00 PM on June 9, 1999, plaintiff was booked and processed under the name "Enrique Hernandez."

Also at around 8:00 PM, plaintiff's family arrived at the Chicago district police station with plaintiff's passport, social security papers and permanent resident alien card. All of the documents identified plaintiff as Emiliano Hernandez. The officers at the station told the family members to come back later and continued to process plaintiff as Enrique Hernandez, even though the ticket initially issued was to Emiliano Hernandez. Plaintiff's family members returned at around midnight with further documentation, but their protests were again ignored. Plaintiff was held that night in the lock-up at

the traffic court.

On the morning of June 10, 1999, plaintiff was brought to traffic court, where he pled guilty to the two traffic charges and was sentenced to time served. However, because of the "hold" plaintiff was ordered held in custody to insure his appearance on the Village of Stickney arrest warrant at the Bridgeview Courthouse the following day. He was taken to Cook County Jail and subjected to "intake" procedures: unknown officers or agents of the Cook County Sheriff's Department photographed, searched, printed, and inoculated plaintiff under the name Enrique Hernandez.

On June 11, 1999, plaintiff was transported to the Bridgeview Courthouse on Enrique Hernandez's arrest warrant. Because the Stickney police officers, Cones and Wallick, did not appear, the matter was continued until July 1, 1999. Plaintiff was returned to Cook County Jail. On June 24, 1999, plaintiff's relatives posted bond, and he was released.

On July 1, 1999, plaintiff returned to the Bridgeview Courthouse. The Stickney police officers appeared and failed to identify the plaintiff as Enrique Hernandez. An order was entered stating that plaintiff, Emiliano Hernandez, was not the proper defendant in that case.

This case, originally filed in state court, was removed to this court on September 30, 1999 on the basis of federal question jurisdiction.

Hernandez v. Chicago Police Dept., 99 C 6441, 2001 WL 128246 at *1-2 (N.D. Ill. Feb. 9, 2001). The plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983 and § 1985, state law assault and battery claims, false arrest and imprisonment, and a Monell policy claim. In February of this year, we dismissed the claims against the Village of Stickney and Officer Wallick, but denied the City of Chicago's motion to dismiss. As to the Sheriff of Cook County, Michael Sheahan, we dismissed the plaintiff's

assault and battery claims, conspiracy claims brought under § 1985(3), and the claims asserted against him in his individual capacity.

The plaintiff has filed a second amended complaint ("complaint"), Count II of which again alleges a state law assault and battery claim against defendant Sheahan. Plaintiff alleges that officers and deputies of the sheriff searched him, inspected his sexual organs and took his blood, and that on one occasion, an officer pulled him by the shirt and threw him several feet while using profanity. Defendant Sheahan has moved to dismiss Count II on the basis that (1) the sheriff cannot be held vicariously liable for the intentional misconduct of his employees, and (2) the sheriff is shielded from liability for his discretionary acts by the Illinois Tort Immunity Act ("the Act").[2]

## ANALYSIS

On a motion to dismiss we accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. <u>Hentosh v. Herman M. Finch Univ. of Health Sciences</u>, 167 F.3d 1170, 1173 (7th Cir. 1999). Dismissal is

---

[2] In his reply brief, defendant Sheahan also argues that the plaintiff failed to state a claim because he did not allege that anyone touched him to take his blood or allege that he was in fear of being touched. In addition, he argues that the searches, taking of blood, and conducting physical examinations in prison are not unlawful and cannot constitute assault and battery. Because these arguments were raised only in the defendant's reply brief and the plaintiff did not have an opportunity to respond, we will not consider them.

appropriate only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Ledford v. Sullivan, 105 F.3d 354, 356 (7th Cir. 1997).

I. **Intent in Assault and Battery Claim**

Defendant Sheahan argues that under Illinois law, the sheriff can be held liable for the negligence of his deputies under respondeat superior, but not for their intentional misconduct. See 55 ILCS 5/3-6016 ("The Sheriff shall be liable for any neglect or omission of a duty of his or her office when occasioned by a deputy or auxiliary deputy, in the same manner as if his or her own personal neglect or omission."); Chaney v. City of Chicago, 901 F. Supp. 266, 268 (N.D. Ill. 1995) (finding the sheriff could not be held liable under section 3-6016 where complaint alleged that officer kicked plaintiff with intent to cause pain, but could be held liable for officer's refusal to provide medical assistance). This statutory provision, however, is not applicable here. The plaintiff has not invoked section 3-6016, nor is he seeking to impose liability against the sheriff on the basis of any conduct of the deputies, intentional or negligent. Instead, he alleges that the assault and battery occurred because the sheriff did not have procedures to ensure that the person jailed was the person described in the arrest warrant. This resulted in the plaintiff being in custody, so that the deputies physically handled him in

various ways in the course of their employment and pursuant to the sheriff's policies. See Richman v. Sheahan, 2000 WL 343349, *7 (N.D.Ill.) (noting that the plaintiff sought to hold sheriff responsible for failure to train, not for deputies' negligent or intentional conduct). In Williams v. Lane, 548 F. Supp. 927 (N.D. Ill. 1982), a lawsuit challenging prison conditions, the court refused to dismiss supervisory prison officials who claimed they could not be held liable for the conduct of their employees. The court observed that "[a]ll the defendants are the policymakers who allegedly committed or caused to be committed the wrongs complained of. This is not an impermissible respondeat superior lawsuit." Id. at 932. Here, too, the plaintiff alleges that the sheriff policymaker caused the injury to occur.

Moreover, "an action for battery does not depend on the hostile intent of the defendant, but on the absence of the plaintiff's consent to the contact." Kling v. Landry, 686 N.E.2d 33, 41 (Ill. App. Ct. 1997); see also 3 Illinois Law & Practice § 12 (Supp. 2001) (citing cases). The intent to harm is material to an assault and battery claim only where the act resulting in injury is not unlawful. See 3 Illinois Law & Practice § 12, at 388; Glowacki v. Moldtronics, Inc., 636 N.E.2d 1138, 1140 (Ill. App. Ct. 1994) (holding that plaintiff failed to state a claim for battery where he alleged exposure to chemicals at work, but insufficiently alleged that his employer violated any law, or that defendants

intended to injure him). Here, the plaintiff has adequately alleged that the assault and battery occurred in the commission of an unlawful act: a false imprisonment.[3] See Hernandez, 2001 WL 128246, at *8. The hostile intent of the deputies or sheriff is not a necessary element of the plaintiff's assault and battery claim.

We reject defendant Sheahan's argument that he is entitled to dismissal of Count II because there can be no respondeat superior liability for the intentional misconduct of his deputies.

## II. The Tort Immunity Act

Defendant Sheahan next argues that the sheriff is immune from liability under the Illinois Local Government and Governmental Employee Tort Immunity Act ("the Act"), which states:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201.

The plaintiff contends that for two reasons the Act does not apply. First, he argues that the sheriff is not covered by the Act. Second, he argues that the conduct complained of is not

---

[3] Defendant Sheahan argues in his reply brief that the assault and battery claim should be dismissed because "the taking of blood is not unconstitutional," and therefore, "it is similarly not unlawful and not a battery." The defendant's conclusion simply does not follow. Not all statutory violations are constitutional violations. We note that defendant Sheahan did not raise this issue with respect to the question of intent. It is asserted as a separate ground for dismissal, but because Sheahan only presents this argument in his reply brief, we will not address it.

discretionary.

### A. Applicability of Section 2-201 to the Sheriff

The Act defines the term "employee" and "public employee" differently. The term "employee" includes, among other persons, "a present or former officer." 745 ILCS 10/1-102. Under Article VII, Section 4(c) of the Illinois Constitution, the sheriff is an elected "County Officer," and thus, he would seem to be covered by the Act. On the other hand, the Act defines "public employee" as an "employee of a local public entity." 745 ILCS 10/1-207. The Seventh Circuit has held that the sheriff is not an employee of the county. Thompson v. Duke, 882 F.2d 1180, 1187 (7th Cir. 1989).

The Illinois Appellate Court, however, has construed section 2-201 to apply to sheriffs. In Thiele v. Kennedy, the Illinois Appellate Court held that section 2-201 barred an inmate's action against the sheriff as a matter of law, explaining:

> Section 2-201 incorporates in statutory form all or at least a substantial part of existing case law governing employee immunities. The principle is that public officers should not be liable in tort for injuries arising out of the exercise of governmental powers vested in good faith if the powers are discretionary as opposed to ministerial in nature. The principle, known as Quasi-Judicial immunity, was derived from the immunity enjoyed by judges for actions taken by them in the course of their official duties.

309 N.E.2d 394, 396 (Ill. App. Ct. 1974). See also Simenc v. Sheriff of DuPage County, No. 82 C 4778, 1985 WL 4896 at *8 n.2 (noting that section 2-201 applies to public officers like

sheriffs). One case observed that "every court" to consider the question "has held that county sheriffs are covered by the Tort Immunity Act." Tatum v. Davis, No. 95 C 1341, 1996 WL 388405 at *2 (N.D. Ill. July 9, 1996). Both state and federal courts have dismissed state law claims against sheriffs on the basis of this statute.[4] See e.g., Richmond v. Sheahan, No. 98 C 7350, 2000 WL 343349 at *6 (N.D. Ill. 2000) (dismissing plaintiff's claim for failure to train to refrain from use of excessive force); Jackson v. City of Chicago, No. 97 C 148, 1997 WL 285770 at * 2 (N.D. Ill. May 27, 1997) (dismissing plaintiff's claim for infliction of emotional distress predicated on sheriff's alleged failure to train); Bollinger v. Schneider, 381 N.E.2d 849, 851 (Ill. App. Ct. 1978). The plaintiff has not cited any case to the contrary, and we conclude that the sheriff is covered by the Act.

B. **Discretionary Acts**

The plaintiff argues that section 2-201 only immunizes discretionary decisions; it does not apply to the sheriff's negligent failure to implement policies protecting citizens from illegal intrusion. The plaintiff's argument would seem to place these circumstances within the reach of section 2-201, because section 2-201 shields sheriffs from liability for injuries resulting from discretionary "omissions in determining policy."

---

[4] Section 2-201 grants immunity to the sheriff on the plaintiff's state law claim, not his § 1983 claims. Immunity on federal claims is governed by federal law. Payne v. Churchich, 161 F.3d 1030, 1038 (7th Cir. 1998).

However, we think it is clear that the sheriff has a constitutional duty to refrain from incarcerating individuals in the absence of legal authority to do so. How the sheriff fulfills this duty is a matter of adopting effective administrative procedures. But the fact that administrative procedures - and therefore "policies" - are involved does not make this a matter of the sheriff's discretion. Although he has discretion as to which policies he may or may not employ, he does not have discretion to cause individuals to be held without legal authority.

In this case, the plaintiff does not contest his initial arrest on a traffic charge. However, after he pled guilty to the traffic violation, City of Chicago police officers Carter and Pontrelli placed a "hold" on Hernandez that caused him to be detained by defendant Sheahan. The "hold" was issued because there was a warrant, but the plaintiff argues that defendant Sheahan had no legal authority to detain him because there was no probable cause to believe he was the person named in the warrant.

We recognize that the scope of the sheriff's duty to prevent detention of the innocent in this type of misidentification case is not well-defined. In <u>Baker v. McCollan</u>, The United States Supreme Court stated that a sheriff does not have a constitutional duty to investigate every claim of innocence, even if the prisoner claims mistaken identity. 443 U.S. 137, 145-46 (1979) (holding that detaining an individual for three days during a holiday weekend

because of a misidentification did not violate the Constitution). However, "depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of 'liberty ... without due process of the law.'" Id. at 145. No bright line rules define what that "certain amount of time" is. See Hernandez, 2001 WL 128246 at *4 (citing cases suggesting that five day, six day, and one week detentions were sufficient to state a claim for violation of due process). Because the courts are closed, a weekend or holiday detention is less likely to constitute a constitutional deprivation than a weekday detention. See Patton v. Przbylski, 822 F.2d 697, 700 (7th Cir. 1987).

At this stage of the case, we cannot identify as a matter of law any point at which the sheriff was in dereliction of his duty to ensure that he had legal authority to hold the plaintiff. The unconsented to touchings alleged in the complaint seem to have occurred during the intake procedures; if the touchings occurred during the first two days of detention, this count might be subject to a motion for summary judgment. However, because the complaint alleges that the assault and battery began on the day of incarceration and continued for the fifteen days plaintiff was in custody, dismissal for failure to state a claim is not appropriate.

We hold that defendant Sheahan is not entitled to immunity under the Tort Immunity Act for his alleged failure to implement policies to prevent the detention of misidentified individuals.

**CONCLUSION**

For the reasons explained in this opinion, we deny defendant Sheahan's motion to dismiss Count II of the second amended complaint.

Date:   October 2, 2001

ENTER:   _____
         John F. Grady, United States District Judge