Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6441 | DATE | October 21, 2003 |
| CASE TITLE | | Hernandez v. City of Chicago | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]<br>☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] |

Plaintiff's motion to reconsider our ruling of July 2, 2003 [170-1] is denied. Sheriff Sheahan's motion for summary judgment [158-1] is denied.
   To the extent that the Third Amended Complaint purports to include any claims that were previously dismissed, those claims are dismissed.
ENTER MEMORANDUM OPINION.

| (11) | X | [For further detail see order (on reverse side of/attached to) the original minute order.] |
|---|---|---|

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | U.S. DISTRICT COURT CLERK | OCT 2 4 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | 03 OCT 24 PM 8:24 | | 178 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 7-03 | October 2, 2001 | |
| kam | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EMILIANO HERNANDEZ, ) ) Plaintiff, ) ) v. ) CITY OF CHICAGO, a municipal ) corporation, et al., ) ) Defendants. ) | No. 99 C 6441 DOCKETED OCT 2 4 2003 |

## MEMORANDUM OPINION

Before the court are two motions. For the reasons stated below, plaintiff's motion to reconsider summary judgment for the City of Chicago is denied, and Sheriff Michael Sheahan's motion for summary judgment is denied.

## DISCUSSION

The facts and procedural history of this dispute are discussed at length in our Memorandum Opinion of March 11, 2003, and we will not repeat that discussion here.

### A. **Plaintiff's Motion to Reconsider**

Plaintiff moves for reconsideration of our Memorandum Opinion and Order of July 2, 2003, in which we entered summary judgment in favor of the City of Chicago on plaintiff's Monell claim in Count IV of the complaint. We held that the affidavit testimony of

plaintiff's wife, Indelisa Sinenthal,[1] did not create a genuine issue of fact as to whether she attempted to inform Chicago police officers that plaintiff was misidentified, because the affidavit testimony contradicted her deposition testimony. Thus, there was no evidence that plaintiff's family attempted, in a meaningful way, to afford any City police officers information regarding plaintiff's true identity.

Plaintiff first contends that he did not have an opportunity to address the City's argument concerning Ms. Sinenthal's affidavit because the oral argument on the City's motion "did not involve" this issue. Plaintiff is incorrect; although the oral argument focused largely on another issue, the court did refer to the problem created by the discrepancies between Ms. Sinenthal's affidavit and deposition testimony. (Transcript of Proceedings of May 14, 2003, at 9.) Moreover, although plaintiff was directed to file a brief regarding a different issue that was the primary subject of oral argument, he filed a brief titled "Response to City of Chicago's Motion to Reconsider," which included argument about

---

[1] There is considerable confusion regarding the correct spelling of plaintiff's wife's name. Plaintiff refers to her as "Indelisa Sinenthal" in his briefs. We have adopted plaintiff's spelling because plaintiff is in the best position to know the correct spelling. However, in her deposition (a complete copy of which we have just received for the first time), plaintiff's wife spells her name as "Endelisa Simental," and that is the spelling used by the City. We will continue to use the former spelling, but plaintiff is advised to clear up the confusion.

Ms. Sinenthal's affidavit.[2]

Although plaintiff had a fair opportunity to address the issue of Ms. Sinenthal's affidavit and deposition testimony, we will still address the substance of plaintiff's argument in the instant motion. Plaintiff first contends that plaintiff's own deposition testimony supports Ms. Sinenthal's affidavit. This argument is beside the point because we have already rejected the affidavit on the ground that it contradicts Ms. Sinenthal's prior deposition testimony.

Plaintiff also asserts that the questions Ms. Sinenthal was asked during her deposition were vague and confusing. The transcript of the deposition indicates otherwise. First, Ms. Sinenthal had an interpreter, so there was no language barrier involved. Second, Ms. Sinenthal did not respond to the relevant questions in a manner that demonstrated any confusion. Third, Mr. Longo, plaintiff's attorney, did not object to any of the questions that he now argues were confusing. He points out several different questions he believes <u>defendants'</u> attorneys should have asked Ms. Sinenthal, but which he failed to ask himself. In fact, Mr. Longo did not ask <u>any</u> follow-up questions at Ms. Sinenthal's deposition.

We find the remainder of plaintiff's arguments without merit. Therefore, the motion for reconsideration will be denied.

---

[2] We also note that plaintiff filed the instant motion on August 14, 2003, well over a month after we issued our Memorandum Opinion and Order. Plaintiff does not offer any reason for the delay in filing the motion.

B. **Sheriff Sheahan's Motion for Summary Judgment**

Sheriff Sheahan moves for summary judgment. We will consider the Sheriff's motion to be directed to the claims set forth in the third amended complaint, which plaintiff very recently filed pursuant to our request (considering the extensive motion practice in this case) that he file a coherent complaint. Unfortunately, plaintiff's counsel failed to follow our instruction that the third amended complaint contain only those claims that had not previously been dismissed. In footnote 1 of the Third Amended Complaint, plaintiff's counsel states: "Some claims have been dismissed and are retained to preserve fully a right to appeal." A repleading of previously-dismissed claims, however, is entirely unnecessary to preserve those claims for appeal. See Bastian v. Petren Res. Corp., 892 F.2d 680, 682 (7th Cir. 1990). To the extent that the Third Amended Complaint purports to incorporate any claims previously dismissed, those claims are dismissed.

One of Sheriff Sheahan's arguments in support of his motion for summary judgment is that he acted in reliance on a facially valid court order and thus is entitled to absolute quasi-judicial immunity from suit under § 1983 for damages. The Sheriff cites Henry v. Farmer City State Bank, 808 F.2d 1228 (7th Cir. 1986), as support for his argument.

We initially thought that Henry might govern this case; therefore, we gave plaintiff the opportunity to respond to the

Henry argument. Upon reviewing the briefs and the Henry opinion more closely, it appears that our initial impression was incorrect. In Henry, the Seventh Circuit recognized absolute quasi-judicial immunity for law enforcement officials when the challenged conduct (the mere act of enforcing a foreclosure judgment) was a "ministerial act" ordered by a judge. See 808 F.2d at 1238-39. The Seventh Circuit has explained the Henry rationale as follows:

> The source of the plaintiff's wrong in Henry was the judge's order itself, and we reasoned that a suit against the officers was not the appropriate vehicle for challenging the validity of that order. Under those circumstances, extension of absolute immunity is not primarily to protect the enforcement function performed by the deputies, but rather to protect the judicial decision-making function by discouraging collateral attacks and encouraging appeals. It further avoids the "untenable result" of requiring "sheriffs and other court officers who enforce properly entered judgments pursuant to facially valid court orders to act as appellate courts, reviewing the validity of both the enforcement orders and the underlying judgments before proceeding to collect on them."

Richman v. Sheahan, 270 F.3d 430, 436-38 (7th Cir. 2001) (citations omitted) (holding that sheriff's deputies were not protected by quasi-judicial immunity where "the challenged conduct [was] the manner in which the judge's order [was] carried out, and not conduct specifically directed by a judge.")

This case is less like Henry and more like Richman. The conduct challenged by the plaintiff is not so much that the Sheriff took the plaintiff into custody, but it is that the Sheriff did so and then did two things: (1) ignored the plaintiff's and

- 6 -

plaintiff's wife's protests of mistaken identity; and (2) refused to allow plaintiff to post bond (in contravention of the judge's explicit statement that the plaintiff would be allowed to post bond.) Accordingly, Henry does not apply, and we reject the Sheriff's argument that quasi-judicial immunity applies.

Regarding plaintiff's state law claims, the Sheriff argues that he was under a duty to receive and confine plaintiff pursuant to 730 ILCS 125/4.[3] The Sheriff contends that he is entitled to summary judgment because the Illinois Tort Immunity Act provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. The Sheriff's brief contains a one-sentence statement regarding the "willful and wanton" exception: "The unwanted contact Plaintiff complains of was incidental to his confinement and not willful or wanton." (Memorandum in Support of Motion at 11.) This wholly undeveloped argument fails to persuade us that we should grant the Sheriff summary judgment on plaintiff's state law claims.

Similarly unpersuasive is the Sheriff's contention that the Monell claims cannot be maintained because plaintiff cannot identify the particular deputies who he claims violated his rights. The cases cited by the Sheriff in support of this argument are

---

[3] This statute is part of the County Jail Act and states: "The Warden of the jail shall receive and confine in such jail, until discharged by due course of law, all persons committed to such jail by any competent authority."

inapposite. In addition, we reject the Sheriff's arguments that the facts cannot be said to "shock the conscience" and that there is no evidence of an unconstitutional custom, policy, or practice.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to reconsider our ruling of July 2, 2003 is denied.

Sheriff Sheahan's motion for summary judgment is denied.

To the extent that the Third Amended Complaint purports to include any claims that were previously dismissed, those claims are dismissed.

DATE: October 21, 2003

ENTER: _____
John F. Grady, United States District Judge