| | |
|---|---|
| Minute Order Form (06/97) | |

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6441 | **DATE** | October 12, 2004 |
| **CASE TITLE** | Hernandez v. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  This case for a status conference on October 27, 2004 at 11:00 a.m, to give the Sheriff's counsel one more opportunity to indicate whether they intend to comply with Rule 54.3. ENTER ORDER.

(11)    [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | **OCT 1 3 2004** | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT | date docketed | 250 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | 2004 OCT 12 PM 5:03 | docketing deputy initials  IS | |
| | Copy to judge/magistrate judge. | FILED | October 2, 2001 date mailed notice | |
| kam | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

99-6441.041-JCD                                                October 12, 2004

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

EMILIANO HERNANDEZ,                )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )   No. 99 C 6441
                                   )
CITY OF CHICAGO, a municipal       )
corporation, et al.,               )
                                   )
        Defendants.                )

DOCKETED
OCT 1 3 2004

## MEMORANDUM OPINION AND ORDER

Currently pending before the court is plaintiff's petition for attorneys' fees. Plaintiff also has filed an additional motion requesting a full fee award, citing Sheriff Michael Sheahan's repeated refusal to comply with Local Rule 54.3, which requires the parties to attempt to reach agreement on an appropriate amount and, in the event of disagreement, requires specific objections to specific aspects of the claim for fees.

Exhibit VIII to plaintiff's fee petition is the "Parties' Joint Statement Regarding Attorney Fees." In that statement, the Sheriff asserts: "[Plaintiff's counsel] Mr. Longo complains that the Defendant has not followed the Local Rules regarding specific objections to time entries. <u>Defendant Sheahan submits that neither his counsel, nor the Court, should have to sift through Mr. Longo's claimed fees</u>." (Joint Statement at 6 (emphasis added).)



We suggest that the Sheriff's counsel give careful consideration to this court's recent order in <u>Sears, Roebuck & Co. v. Menard, Inc.</u>, No. 01 C 9843 (Sept. 23, 2004), a copy of which is enclosed. Counsel's refusal to do the work required by Rule 54.3 could well have the same result as did similar conduct by Sears, Roebuck and Co. in that proceeding.

We are setting this case for a status conference on October 27, 2004, to give the Sheriff's counsel one more opportunity to indicate whether they intend to comply with Rule 54.3. Our patience with counsel is due entirely to our recognition of the fact that it is not they, but rather the taxpayers of Cook County, who will have to suffer the consequences of counsel's continued defiance of the Rule.

DATE: October 12, 2004

ENTER: _____
John F. Grady, United States District Judge